# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ARNOLD GOLDEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BANCO POPULAR DE PUERTO RICO, ) <br> ) <br> Defendant. ) | Civil No. 2020-95 |

## MEMORANDUM OPINION AND ORDER

Banco Popular de Puerto Rico ("Banco") seeks to stay discovery until its motion to dismiss for lack of standing and for failure to state a claim is decided. [ECFs 58, 71]. Arnold Golden opposes a stay. [ECF 67].

### I.   BACKGROUND

Golden originally filed his class action complaint against Banco, Popular, Inc., and Popular Bank in October of 2020, alleging breach of contract and other causes of action in connection with the charging of overdraft fees on checking accounts. [ECF 1]. Popular, Inc. and Popular Bank moved to dismiss for lack of personal jurisdiction, [ECF 9], and on November 23, 2020, Golden voluntarily dismissed the action as against those two defendants, [ECF 21].

On January 4, 2021, Banco moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF 28]. Alternatively, Banco moved to strike a subclass of Virgin Islands consumers on the basis that Golden, "a North Carolina resident, is not a member of the subclass and therefore lacks standing to represent it." *See* [ECF 29] at 1.[1]  That motion, which Golden opposes, is fully briefed.

---

[1] In his opposition to the motion to dismiss, Golden withdrew certain statutory claims he purported to bring under Virgin Islands law, and abandoned his claim to represent the Virgin Islands subclass. [ECF 31] at 19.

*Golden v. Banco Popular*
Civil No. 2020-95
Page 2

On August 6, 2021, the undersigned scheduled a Rule 16 conference, and on the parties' joint motion, rescheduled that conference for October 4, 2021. [ECFs 52, 53, 54]. On September 30, 2021, Banco filed the instant motion to stay discovery. [ECF 58]. Notwithstanding that motion, the Court conducted the Rule 16 conference and entered a Trial Management Order to govern discovery. [ECF 65].

On January 6, 2022, at a status conference, the parties reported that they were discussing and proceeding on a compromise consisting of limited discovery with respect to plaintiff's account only, as well as the formation of an ESI plan should the motion to dismiss not result in disposition of the case. *See* [ECF 84]. At the next status conference on April 1, 2022, the parties indicated that a ruling on the motion to stay was necessary because the motion to dismiss had not yet been decided.

## II.     LEGAL STANDARDS

The Court of Appeals for the Third Circuit has acknowledged that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Federal Rule of Civil Procedure 26(c) gives a court the discretionary authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c). Such authority includes the ability to order a stay of discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A stay, however, is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013)

*Golden v. Banco Popular*
Civil No. 2020-95
Page 3

(citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). Therefore, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. *See also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

In deciding whether to stay discovery, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (quotation marks omitted). However, in *Mann v. Brenner*, the Third Circuit recognized that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." 375 F. App'x 232, 239 (3d Cir. 2010); *see also Actelion Pharm., Ltd.*, 2013 WL 5524078, at *5 (the filing of a dispositive motion may support a stay of discovery "where the resolution of the dispositive motion may narrow or outright eliminate the need for discovery") (quotation marks omitted).

Here, the parties agree that in considering a motion to stay, courts evaluate the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of

>     the case; and (4) whether discovery is complete and/or a trial date
>     has been set.

[ECF 67] at 5 (quoting *Vitalis v. Crowley Caribbean Servs.*, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021)); [ECF 59] at 3-4 (quoting *Actelion Pharm., Ltd.,* 2013 WL 5524078, at *3). Thus, the Court will evaluate these factors in determining the propriety of issuing a stay of discovery.

### III. DISCUSSION

A. <u>Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party</u>

Banco contends that Golden will suffer no undue prejudice if a stay is granted pending a decision on Banco's motion to dismiss, because any delay in the matter was caused by Golden's "failure to bring suit against the right party in the right venue." [ECF 59] at 6. Golden responds that the analysis of prejudice must be forward-looking, relying on *Vitalis*. [ECF 67] at 7. Further, Golden points out that he has served discovery requests, and that a stay would unduly delay the responses to those requests. *Id*.

The Court finds that plaintiff has not identified any undue prejudice to him that would attend a limited stay pending a decision on Banco's motion. When pressed at the April 1, 2022, status conference to articulate any specific prejudice he might suffer in the event discovery was stayed, Golden offered that class members can pass away, and that defendants' employees who are potential witnesses could leave their jobs and become difficult to locate. However, the risks plaintiff identifies are no different in kind or quantity than the risks present in all litigation that is not otherwise expedited. The complaint was filed in 2020, and the identified transactions on which Golden bases his claims are alleged to have occurred in 2019. [ECF 1] ¶ 59. Thus, the information relevant to the claims should be readily available if, and when, discovery proceeds in this case. This factor weighs in favor of granting a stay of discovery.

*Golden v. Banco Popular*
Civil No. 2020-95
Page 5

B.  Whether Denial of the Stay Would Create a Clear Case of Hardship or Inequity for the Moving Party

As to the hardship that it might endure should a stay be denied, Banco primarily argues that the discovery requests Golden has already served constitute a "fishing expedition," seek information that is confidential and involves non-parties, and are extensive and overly burdensome. [ECF 59] at 7-8. Golden contends that Banco's stay motion "reads like an opposition to a motion [sic] compel discovery," and characterizes Banco's assertions as simply part of the discovery process and not a basis for a stay. [ECF 67] at 9.

The Court finds that Banco has not demonstrated a "clear case of hardship or inequity" if the motion to stay is denied. This factor weighs against the granting of a stay of discovery.

C.  Whether a Stay Would Simply the Issues and the Trial of the Case

The parties differ as to what perspective the Court must take to evaluate this factor. Banco claims its motion to dismiss is "dispositive" and a ruling on it will simplify the case. [ECF 59] at 8-9. It further contends the dismissal motion is "nonfrivolous." *Id*. at 8. Banco does not, however, explain how the discovery in the case might be narrowed if it obtains only partial relief on the motion to dismiss, or if plaintiff is allowed to replead. Golden urges the Court to consider whether a stay will simplify the issues, rather than focusing on the underlying motion to dismiss. [ECF 67] at 12. Golden also argues that Banco's motion to dismiss is based on pleading failures, which could be cured, thus resulting in no narrowing of issues. *Id*. at 11.

While the Court is skeptical that Banco's understanding of this factor is correct, the Court nevertheless finds, as Banco claims, that the motion to dismiss is "nonfrivolous." That said, the Court concludes that Banco has not met its burden to demonstrate that the resolution of its motion will necessarily simplify the issues in this case. As a result, this factor weighs against granting a stay.

*Golden v. Banco Popular*
Civil No. 2020-95
Page 6

D. <u>Whether Discovery is Complete and/or a Trial Date Has Been Set</u>

Finally, the Court considers the stage of this case at the time the stay was sought. Certainly, discovery was and is far from complete; it has, in fact, barely begun. And, although the Court has put a Trial Management Order, with a discovery schedule and trial date, in place, these dates could be modified depending on the needs of the litigation. This factor, then, weighs in favor of a stay.

## IV. CONCLUSION

Having found that the four factors divide fairly evenly in support of and against granting a stay, the Court must conclude that Banco has not met its burden, and the "extraordinary" remedy of a stay of discovery is not warranted.[2]

Accordingly, the premises considered, IT IS ORDERED that the motion to stay is DENIED.

**Dated:** April 22, 2022        S\ _____
                         **RUTH MILLER**
                         United States Magistrate Judge

---

[2] The Court is confident that the parties can, either on their own or with the Court's assistance, resolve any issues of overreaching or overbroad discovery requests, confidentiality, or other discovery challenges that may arise before the motion to dismiss is decided.