## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

ARNOLD GOLDEN,

             Plaintiff,

vs.

BANCO POPULAR DE PUERTO RICO,

             Defendant.

Civil Action No. 3:20-cv-00095

## MEMORANDUM OPINION and ORDER

Plaintiff Arnold Golden (the "Settlement Class Representative") originally filed his putative class action complaint against Banco Popular de Puerto Rico ("Banco"), Popular, Inc., and Popular Bank in October of 2020, alleging breach of contract and other causes of action in connection with the charging of overdraft fees on checking accounts. [ECF 1]. Arnold alleged generally that the bank assessed an overdraft fee at the time of settlement of a transaction, even though the merchant had received approval against sufficient funds at the time of the transaction.[1]

## I.    PROCEDURAL HISTORY

On January 4, 2021, Banco moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF 28]. Alternatively, Banco moved to strike a subclass of Virgin Islands consumers on the basis that Golden, "a North Carolina resident, is not a member of the subclass and therefore lacks standing to represent it." *See* [ECF 29] at 1.[2] That motion, which Golden opposed, was fully briefed when on October 4, 2021, the undersigned held a Rule 16 conference and entered a Trial Management Order to govern discovery. [ECF 65]. On April 22, 2022, the

---

[1] On November 23, 2020, Golden voluntarily dismissed the action as against Popular, Inc. and Popular Bank. [ECF 21].

[2] In his opposition to the motion to dismiss, Golden withdrew certain statutory claims he purported to bring under Virgin Islands law, and abandoned his claim to represent the Virgin Islands subclass. [ECF 31] at 19.

undersigned denied Banco's motion to stay discovery pending a decision on the motion to dismiss. [ECF 93].

On December 19, 2022, the parties jointly sought to stay the matter to complete a pending settlement [ECF 107] and on January 19, 2023, the parties filed their Settlement Agreement.  [ECF 109].  Plaintiff also moved for preliminary approval of the class action settlement and conditional certification of a settlement class.  [ECF 110].  On May 31, 2023, the Court granted the unopposed motion for preliminary approval of the class action settlement and directed notice to issue to the proposed class.  [ECF 119].

On July 25, 2023, plaintiff filed a Notice of Motion and Motion for an Order Granting: Certification of the Settlement Class; Final Approval of the Class Action Settlement; Payment of Fees and Costs for Class Counsel and Liaison Counsel; and, Payment of a Service Award to the Class Representative.  [ECF 122].  In accordance with its Order of preliminary approval, the Court scheduled a Final Approval Hearing for September 8, 2023.  [ECF 123].  At the September 8, 2023 hearing, the Court questioned the parties about various aspects of the procedural history of the matter, notice process, and the efforts expended by counsel and the class representative in the litigation.  No other person apart from counsel to Arnold and the putative class, and Banco, appeared for the hearing or filed any objections to the settlement.

## II.    CLASS CERTIFICATION[3]

For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All holders of BPPR consumer checking Accounts (including Multicuenta accounts) at branches in the United States and its territories, who, during the Class

---

[3]  All capitalized terms have the same meaning as the capitalized terms in the Definitions section of the Settlement Agreement.  *See* [ECF 109] at 3–10.

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 3

Period, paid and were not refunded an overdraft ("OD") fee in connection with a transaction on their account where the transaction had been authorized against available funds.

Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to opt out; and all judges assigned to this litigation and their immediate family members.

The Court finds that for settlement purposes, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). First, the Settlement Class is so numerous that joinder of all members is impractical in that the Settlement Class consists of approximately 50,652 Banco customers.[4] Second, there are common issues of law and fact centering on the alleged systematic practice of assessing overdraft fees that is alleged to have harmed the Settlement Class Members in the same way. Third, the claims of the Settlement Class Representative are typical of the other Settlement Class Members. Fourth, the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class, as he has no interests antagonistic to or in conflict with the Settlement Class, and has retained experienced and competent counsel to prosecute this matter. Fifth, common issues predominate over any individual issues, and the Settlement Agreement provides for the pro rata distribution of funds among Class Members. Lastly, a class action is the superior means of adjudicating the controversy because it allows Class Members to obtain prompt and efficient relief and avoids duplicate litigation.

## III.    NOTICE TO THE SETTLEMENT CLASS

The Court finds that the Notice program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due

---

[4] [ECF 122-6] at 3 (Fenwick Aff.).

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 4

and sufficient Notice to the Settlement Class Members of the pendency of the action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, all applicable deadlines, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and all other applicable laws.

At the parties' recommendation the Court appointed Kroll Settlement Administration LLC as the Settlement Administrator.  The Notice Plan had three parts: (1) Email Notice, (2) direct Postcard Notice, and (3) Long Form Notice, available in English and Spanish, on the Settlement Website and by U.S. Mail on request.  The rate at which direct mail notice is estimated to have reached putative class members is 99.58%, and the overall reach rate is estimated to be approximately 92.95%.[5]

The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, and Section 5.4 of the Settlement Agreement by sending a Notice of Proposed Class Action Settlement to all required federal and state officials. [ECF 122-6] at 4.  That Notice was served timely and properly and is valid and effective.

## IV.    OBJECTIONS AND OPT-OUTS

No Settlement Class Member filed an objection to the Settlement.

One Settlement Class Member has timely and validly elected to opt-out of the Settlement and Settlement Class.  That person's name is listed in Exhibit A to the Supplemental Declaration of Scott M. Fenwick of Kroll Administration LLC in Connection with Final Approval of the Settlement filed with the Court on August 24, 2023, that has been filed under seal pursuant to a

---

[5] [ECF 122-6] at 6.

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 5

previous order of this Court.  That person who has opted-out is not subject to the Settlement and has not released any claims subject to the Settlement.

## V.      FINAL APPROVAL OF THE SETTLEMENT

Having certified the proposed class action under Rule 23, the Court must evaluate the fairness of the Settlement under Rule 23(e).  This Rule provides that the Court may approve the Settlement only upon "finding that it is fair, reasonable, and adequate" after considering the following four factors:

> **(A)** the class representatives and class counsel have adequately represented the class;
> **(B)** the proposal was negotiated at arm's length;
> **(C)** the relief provided for the class is adequate, taking into account:
>> **(i)** the costs, risks, and delay of trial and appeal;
>> **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and
>> **(iv)** any agreement required to be identified under Rule 23(e)(3*)*; and
> **(D)** the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  Courts in this Circuit also apply the nine factors enumerated in *Girsh v. Jepson*:

> . . . (1) the complexity, expense and likely duration of the litigation . . . ; (2) the reaction of the class to the settlement . . . ; (3) the stage of the proceedings and the amount of discovery completed . . . ; (4) the risks of establishing liability . . . ; (5) the risks of establishing damages . . . ; (6) the risks of maintaining the class action through the trial . . . ; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation . . . .

521 F.2d 153, 157 (3d. Cir. 1975) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)).

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 6

Applying these factors to the Settlement proposed here, the Court finds that each of them favors approval.  First, plaintiff and class counsel adequately represented the class.  They each expended significant time and effort in litigating the case, doing investigation and discovery, and engaging in motion practice.  They participated in settlement negotiations and a formal mediation.  Because plaintiff's claims were typical of the claims class-wide, all of these efforts can be said to have advanced the interests of the entire Settlement Class.

Next, the Settlement was the product of arm's length negotiations.  The parties mediated with a former federal judge to achieve the Settlement, and there was no evidence of collusion.

Third, the benefit to the class from the Settlement is quite adequate, considering the required subfactors.  The value of the Settlement Fund is $1,653,000, in addition to Banco's agreement to cease for at least five years the fee assessment practice underlying this case.  Class Counsel estimates this additional relief will save the Settlement Class an additional $3,000,000. [ECF 122-2] at 2.  The Settlement Fund benefits will be distributed directly to account holders, by deposit into an account or by mail, without the need to make individual claims.  The large percentage of class participation demonstrates the adequacy of the class benefits.  Moreover, the fees sought for Class Counsel (one-third of the Settlement Fund plus expenses) and the Class Representative's service award ($10,000) are reasonable given the scope of the recovery and the risks and labor involved.

Finally, the proposed Settlement treats all class members equally.  Distribution of the funds are on a pro rata basis, a fundamentally fair plan under the circumstances.

Turning to the *Girsh* factors, to the extent not yet discussed, the Court finds that the absence of any objection to the terms of the Settlement demonstrates that the class reaction to the Settlement is positive.  As to whether the attorneys for the class appreciated the merits—or lack thereof—

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 7

prior to negotiating a settlement, the Court observes that the parties engaged in vigorous motion practice regarding those merits.  Additionally, counsel looked into Banco's records in detail to assess the value of the claim.  These factors favor final approval.

The Court does not conclude that there was a risk a class action could not be maintained through trial as the parties did not provide argument on that factor.  Nor was any evidence offered as to whether Banco could withstand a greater judgment.  But given all the risks in litigating the matter, and the best-case scenario of a full win for the class, the Court determines overall that under the *Girsh* factors the proposed Settlement is fair, reasonable, and adequate.

## VI.    REQUEST FOR ATTORNEY'S FEES

Class Counsel and Liaison Counsel seek attorney's fees under the "percentage of recovery" method.  They wish the Court to grant them one-third of the value of the Settlement Fund, or $551,000, as their attorney's fees, to be distributed as follows:  $234,175 to Class Counsel Reese LLP, $234,175 to Class Counsel KalielGold PLLC, and $82,650 to Liaison Counsel Burns Charest LLP.  Counsel also seeks reimbursement of costs in the amount of $10,951.77.  In assessing the reasonableness of a requested fee award, the Court should consider the following factors:

> (1) the size of the fund created and the number of persons benefitted;
> (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel;
> (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005) (quoting *Gunter v. Ridgewood Engy. Corp.*, 223 F.3d 190, 195 n.1 (3d. Cir. 2000)).  As mentioned, the size of the Settlement Fund is $1,653,000 and it represents about 45% of the estimated damages of tens of thousands of

class members.  This is an above average result in this Circuit.  *See O'Hern v. Vida Longevity Fund, LP*, 2023 WL 3204044, * 9 (D. Del. May 2, 2023).  Additionally, no Class Member has objected to the fee requests.

With respect to the skill of the attorneys involved, Class Counsel and Liaison Counsel are quite experienced in litigating these types of class action cases and they pursued this case with diligence.  As the Declarations of counsel demonstrate, they collectively expended almost 500 hours on a contingent fee basis.  *See* [ECF 122-2] (Reese Decl.); [ECF 122-3] (Nelson Decl.); [ECF 122-4] (Kaliel Decl.).  Moreover, without reaching a settlement, significant additional resources would have been required to litigate the matter to a conclusion, against an aggressive defense.  And because this matter was taken on a contingent fee basis, the risk of receiving no fees at the end was significant.  Finally, the percentage fee in this common fund case is on par with other common fund cases in this Circuit.  *See, e.g.*, *Martin v. Altisource Res. Corp.*, 2020 WL 9763240 (D.V.I. Feb. 14, 2020) (awarding attorney's fees of one-third of the fund).[6]  In sum, an analysis considering all of the relevant facts results in a finding that the fee request is fair in these circumstances.

In addition, Class Counsel have requested reimbursement of expenses in the amount of $10,951.77.  A review of the expenses incurred reveals that they were reasonable and necessary in pursuing the litigation.  Further, there has been no objection to the reimbursement of costs.

## VII.    REQUEST FOR A SERVICE AWARD TO THE CLASS REPRESENTATIVE

Class Counsel seeks an award in the amount of $10,000 for the service of Arnold Golden as the Class Representative.  This amount was set out in the Notice and no objections to such an

---

[6]  In addition, a lodestar calculation performed as a check yields a multiplier of 1.05, well within the range of reasonableness.

award were made.  Mr. Golden avers that he spent many hours in support of the claims, assisting Class Counsel in various aspects of the litigation.  [ECF 122-5].  The Court finds that the amount of the incentive award sought is fair and reasonable.

## VIII.   CONCLUSION

**The premises considered, and the Court being duly advised, IT IS ORDERED THAT** Plaintiff's Motion [ECF 122] for Certification of Settlement Class; Final Approval of Class Action Settlement; Payment of Class Counsel's and Liaison Counsel's Fees and Costs; and, Payment of a Service Award to the Class Representative is **GRANTED**.  The Court, having carefully reviewed the record in the case and the evidence submitted by Plaintiff and Class Counsel, and after holding a hearing on September 8, 2023, to determine whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class, orders as follows:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.  The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's-length negotiations by experienced counsel with the supervision of a respected mediator and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure, and therefore approved.  The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 10

litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief.  All Settlement Class Members who have not opted-out are bound by the Settlement and this Final Approval Order and Judgment.  All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

5.      The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

7.      The Court grants Final Approval to the appointment of Plaintiff Arnold Golden as the Class Representative.  The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

8.      The Court re-affirms the appointment, pursuant to Rule 23(g), of Michael R. Reese of Reese LLP and Jeffrey Kaliel of KalielGold PLLC as Class Counsel.

9.      Class Counsel and Liaison Counsel are entitled to payment of attorneys' fees and costs under Federal Rules of Civil Procedure Rule 23(h) in the amount of $551,000 in fees and $10,951.77 in expenses, which is fair and reasonable in light of the result obtained, the time and labor devoted to the case by Class Counsel, the skill, experience, reputation and ability of Class Counsel, the contingent nature of the fee requested, the hours spent and hourly rate of Class Counsel, the costs incurred by Class Counsel and Liaison Counsel, a consideration of comparable settlements in other bank fee class actions, and the overwhelmingly favorable reaction of the

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 11

Settlement Class.  These attorneys' fees and costs shall be paid from the Settlement Fund in accordance with the Settlement.

10.     The Court grants Class Counsel's request for a Service Award of $10,000 to Arnold Golden for his service as the Class Representative.  The Court finds that this payment is justified by Plaintiff's service to the Settlement Class.  This Service Award shall be paid from the Settlement Fund in accordance with the Settlement.

## RELEASE OF CLAIMS

11.     The Court holds, orders, and adjudges that, in exchange for the promises and benefits conferred upon them by the Settlement, the Releasing Parties (i.e., Class Representative and each Settlement Class Member, and any Person claiming by or through the Class Representative and each Settlement Class Member, including their respective past, present and future heirs, parents, affiliates, divisions, departments, trustees, shareholders, officers, directors, employees, administrators, managers, children, spouses, beneficiaries, predecessors, successors, conservators, executors, estates, administrators, assigns, assignees, attorneys, agents, consultants, and any other representatives of any of these Persons and entities or Persons purporting to act for them or on their behalf) have fully and finally released and discharged the Released Parties (i.e., BPPR and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, coventurers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each Person or entity acting or purporting to act for them or on their behalf) of and from Released Claims (i.e., any individual, class, representative, group or collective claim, liability, right,

demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description whether arising under federal, state, common or foreign law, that a Releasing Party has or may have asserted in the Action, or that could have asserted or could assert, including claims that are actual, assigned, known or Unknown Claims, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or unaccrued, latent or patent, contingent or non-contingent, liquidated or un-liquidated, at law or in equity, matured or unmatured, apparent or unapparent, arising out of or relating in any way to the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Action or with regards to the Class Fees, in all cases including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses).

12.     The Settlement Agreement and the Release described in paragraph 11, above, are binding on all Settlement Class Members and all Releasing Parties.  That Release is included in this final judgment so that all released claims and rights are barred by res judicata, collateral estoppel, and claim and issue preclusion.

13.     The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party.

14.     The Court retains exclusive jurisdiction over this Settlement Agreement, including the administration and consummation of the Settlement.

15.     As to the Released Parties, this Action is dismissed with prejudice and, except for as provided herein, without award of costs.  There is no just reason for delay, and pursuant to

*Arnold Golden v. Banco Popular de Puerto Rico*
Civil No. 2020-95
Page 13

Federal Rule of Civil Procedure 54(b), the Court directs that this judgment of dismissal as to BPPR

is final.

16.     The Clerk is ordered to close this case.

**DATED:** September 29, 2023             S\ _____

                                          **HONORABLE RUTH MILLER**
                                          United States Magistrate Judge