IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ARNOLD GOLDEN,

        Plaintiff,

vs.

BANCO POPULAR DE PUERTO RICO,

Civil Action No. 3:20-cv-00095

### AMENDED MEMORANDUM OPINION and ORDER

Plaintiff Arnold Golden (the "Settlement Class Representative") originally filed his putative class action complaint against Banco Popular de Puerto Rico ("Banco"), Popular, Inc., and Popular Bank in October of 2020, alleging breach of contract and other causes of action in connection with the charging of overdraft fees on checking accounts. [ECF 1]. Arnold alleged generally that the bank assessed an overdraft fee at the time of settlement of a transaction, even though the merchant had received approval against sufficient funds at the time of the transaction.[1]

### I.   PROCEDURAL HISTORY

On January 4, 2021, Banco moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF 28]. Alternatively, Banco moved to strike a subclass of Virgin Islands consumers on the basis that Golden, "a North Carolina resident, is not a member of the subclass and therefore lacks standing to represent it." *See* [ECF 29] at 1.[2] That motion, which Golden opposed, was fully briefed when on October 4, 2021, the undersigned held a Rule 16 conference and entered a Trial Management Order to govern discovery. [ECF 65]. On April 22, 2022, the undersigned denied Banco's motion to stay discovery pending a decision on the motion to dismiss. [ECF 93].

---

[1] On November 23, 2020, Golden voluntarily dismissed the action as against Popular, Inc. and Popular Bank. [ECF 21].

[2] In his opposition to the motion to dismiss, Golden withdrew certain statutory claims he purported to bring under Virgin Islands law and abandoned his claim to represent the Virgin Islands subclass. [ECF 31] at 19.

On December 19, 2022, the parties jointly sought to stay the matter to complete a pending settlement [ECF 107] and on January 19, 2023, the parties filed their Settlement Agreement. [ECF 109]. Plaintiff also moved for preliminary approval of the class action settlement and conditional certification of a settlement class. [ECF 110]. On May 31, 2023, the Court granted the unopposed motion for preliminary approval of the class action settlement and directed notice to issue to the proposed class. [ECF 119].

On July 25, 2023, plaintiff filed a Notice of Motion and Motion for an Order Granting: Certification of the Settlement Class; Final Approval of the Class Action Settlement; Payment of Fees and Costs for Class Counsel and Liaison Counsel; and, Payment of a Service Award to the Class Representative. [ECF 122]. In accordance with its Order of preliminary approval, the Court scheduled a Final Approval Hearing for September 8, 2023. [ECF 123]. At the September 8, 2023 hearing, the Court questioned the parties about various aspects of the procedural history of the matter, notice process, and the efforts expended by counsel and the class representative in the litigation. No other person apart from counsel to Arnold Golden and the putative class, and Banco, appeared for the hearing or filed any objections to the settlement.

On September 29, 2023, this Court issued a Memorandum Opinion and Order granting final approval of the Class Action Settlement ("September 29, 2023 Final Approval Order"). [ECF 130].

This Court's September 29, 2023 Final Approval Order was based, in part, on the declaration of the claims administrator - Kroll Settlement Administrator LLC ("Claims Administrator") - filed with the Court on July 25, 2023, which stated:

> Kroll has determined that Class Notices likely reached 47,080 of the 47,280 persons to whom notice was mailed or emailed, which equates to a reach rate of the direct mail notice of approximately 99.58%. Including the additional 3,372 Settlement Class Members for whom Defendant had no available physical mailing address or email

address, the reach rate to all Settlement Class Members [was] approximately 92.95%. [ECF 122-6] (Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC in Connection with Final Approval of the Settlement ("Fenwick Declaration")) ¶ 16.

After this Court issued the September 29, 2023 Final Approval Order, defense counsel and Class Counsel learned that there was, in fact, a physical address for the 3,372 Settlement Class Members referenced in the Fenwick Declaration that did not receive notice. Accordingly, Class Counsel and defense counsel jointly moved the Court to approve a supplemental notice plan that would have direct notice sent to these 3,372 Settlement Class Members (the "Supplemental Notice Group"). [ECF 134]. On February 22, 2024, this Court granted the motion for supplemental notice and set May 29, 2024 as the deadline for any Settlement Class Members in the Supplemental Notice Group to object to or opt out of the class settlement. [ECF 135] ("Supplemental Notice Order") ¶ 3.

Pursuant to the Supplemental Notice Order, the Claims Administrator sent direct notice to the Supplemental Notice Group. *See* [ECF 138-1] (Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC in Connection with Supplemental Notice of Settlement. ("Fenwick Supplemental Notice Declaration")) ¶¶ 3–4. None of the Class Members in the Supplemental Notice Group opted-out or objected to the Settlement. Fenwick Supplemental Notice Declaration ¶ 6.

## II. CLASS CERTIFICATION[3]

For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All holders of BPPR consumer checking Accounts (including Multicuenta accounts) at branches in the United States and its territories, who, during the Class

---

[3] All capitalized terms have the same meaning as the capitalized terms in the Definitions section of the Settlement Agreement. *See* [ECF 109] at 3-10.

> Period, paid and were not refunded an overdraft ("OD") fee in connection with a transaction on their account where the transaction had been authorized against available funds.
>
> Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to opt out; and all judges assigned to this litigation and their immediate family members.

The Court finds that for settlement purposes, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). First, the Settlement Class is so numerous that joinder of all members is impractical in that the Settlement Class consists of approximately 50,652 Banco customers.[4] Second, there are common issues of law and fact centering on the alleged systematic practice of assessing overdraft fees that is alleged to have harmed the Settlement Class Members in the same way. Third, the claims of the Settlement Class Representative are typical of the other Settlement Class Members. Fourth, the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class, as he has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter. Fifth, common issues predominate over any individual issues, and the Settlement Agreement provides for the pro rata distribution of funds among Class Members. Lastly, a class action is the superior means of adjudicating the controversy because it allows Class Members to obtain prompt and efficient relief and avoids duplicate litigation.

### III.    NOTICE TO THE SETTLEMENT CLASS

The Court finds that the Notice program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order and Supplemental Notice Order, satisfied Rule 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient Notice to the Settlement Class Members of the

---

[4] [ECF 122-6] at 3 (Fenwick Decl.).

pendency of the action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, all applicable deadlines, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and all other applicable laws.

At the parties' recommendation the Court appointed Kroll Settlement Administration LLC as the Settlement Administrator. The Notice Plan had three parts: (1) Email Notice, (2) direct Postcard Notice, and (3) Long Form Notice, available in English and Spanish, on the Settlement Website and by U.S. Mail on request. The original rate at which direct mail notice was estimated to have reached putative class members with physical or email addresses was 99.58%, with the overall original reach rate estimated to be approximately 92.95%.[5] This Court found that reach to be sufficient and, accordingly, issued its September 29, 2023 Final Approval Order. With the addition of the supplemental notice plan, the overall reach is even higher than that previously approved.

The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, and Section 5.4 of the Settlement Agreement by sending a Notice of Proposed Class Action Settlement to all required federal and state officials. [ECF 122-6] at 4. That Notice was served timely and properly and is valid and effective.

## IV.   OBJECTIONS AND OPT-OUTS

No Settlement Class Member filed an objection to the Settlement.

One Settlement Class Member has timely and validly elected to opt-out of the Settlement

---

[5] [ECF 122-6] at 6.

and Settlement Class. That person's name is listed in Exhibit A to the Supplemental Declaration of Scott M. Fenwick of Kroll Administration LLC in Connection with Final Approval of the Settlement filed with the Court on August 24, 2023, that has been filed under seal pursuant to previous order of this Court. That person who has opted-out is not subject to the Settlement and has not released any claims subject to the Settlement.

## V.    FINAL APPROVAL OF THE SETTLEMENT

Having certified the proposed class action under Rule 23, the Court must evaluate the fairness of the Settlement under Rule 23(e). This Rule provides that the Court may approve the Settlement only upon "finding that it is fair, reasonable, and adequate" after considering the following four factors:

> **(A)** the class representatives and class counsel have adequately represented the class;
> **(B)** the proposal was negotiated at arm's length;
> **(C)** the relief provided for the class is adequate, taking into account:
>> **(i)** the costs, risks, and delay of trial and appeal;
>> **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and
>> **(iv)** any agreement required to be identified under Rule 23(e)*(3);* and
>
> **(D)** the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Courts in this Circuit also apply the nine factors enumerated in *Girsh v. Jepson*:

> ... (1) the complexity, expense and likely duration of the litigation ... ; (2) the reaction of the class to the settlement ... ; (3) the stage of the proceedings and the amount of discovery completed ... ; (4) the risks of establishing liability ... ; (5) the risks of establishing damages ... ; (6) the risks of maintaining the class action through the trial ... ; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ….

521 F.2d 153, 157 (3d. Cir. 1975) (quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974)).

Applying these factors to the Settlement proposed here, the Court finds that each of them favors approval. First, plaintiff and Class Counsel adequately represented the class. They each expended significant time and effort in litigating the case, doing investigation and discovery, and engaging in motion practice. They participated in settlement negotiations and a formal mediation. Because plaintiff's claims were typical of the claims class-wide, all of these efforts can be said to have advanced the interests of the entire Settlement Class.

Next, the Settlement was the product of arm's length negotiations. The parties mediated with a former federal judge to achieve the Settlement, and there was no evidence of collusion.

Third, the benefit to the class from the Settlement is quite adequate, considering the required subfactors. The value of the Settlement Fund is $1,653,000, in addition to Banco's agreement to cease for at least five years the fee assessment practice underlying this case. Class Counsel estimates this additional relief will save the Settlement Class an additional $3,000,000. [ECF 122-2] at 2. The Settlement Fund benefits will be distributed directly to account holders, by deposit into an account or by mail, without the need to make individual claims. The large percentage of class participation demonstrates the adequacy of the class benefits. Moreover, the fees sought for Class Counsel (one-third of the Settlement Fund plus expenses) and the Class Representative's service award ($10,000) are reasonable given the scope of the recovery and the risks and labor involved.

Finally, the proposed Settlement treats all class members equally. Distribution of the funds are on a pro rata basis, a fundamentally fair plan under the circumstances.

Turning to the *Girsh* factors, to the extent not yet discussed, the Court finds that the absence of any objection to the terms of the Settlement demonstrates that the class reaction to the Settlement is positive. As to whether the attorneys for the class appreciated the merits-or lack thereof- prior to negotiating a settlement, the Court observes that the parties engaged in vigorous motion practice regarding those merits. Additionally, counsel looked into Banco's records in detail to assess the value of the claim. These factors favor final approval.

The Court does not conclude that there was a risk a class action could not be maintained through trial as the parties did not provide argument on that factor. Nor was any evidence offered as to whether Banco could withstand a greater judgment. But given all the risks in litigating the matter, and the best-case scenario of a full win for the class, the Court determines overall that under the *Girsh* factors the proposed Settlement is fair, reasonable, and adequate.

## VI.  REQUEST FOR ATTORNEY'S FEES

Class Counsel and Liaison Counsel previously sought attorney's fees under the "percentage of recovery" method, which this Court granted and accordingly awarded $234,175 to Class Counsel Reese LLP, $234,175 to Class Counsel KalielGold PLLC, and $82,650 to Liaison Counsel Burns Charest LLP. Counsel also sought reimbursement of costs in the amount of $10,951.77, which this Court also granted. *See* September 29, 2023 Final Approval Order [ECF 130] at 7-8. The findings and decision in the September 29, 2023 Final Approval Order regarding attorneys' fees and expenses are hereby adopted and incorporated by reference.

## VII.  REQUEST FOR A SERVICE AWARD TO THE CLASS REPRESENTATIVE

Class Counsel also previously sought an award in the amount of $10,000 for Mr. Golden for his service as the Class Representative, which this Court granted. *See* September 29, 2023 Final Approval Order [ECF 130] at 8-9. The findings and decision in the September 29, 2023

Final Approval Order regarding a service award to Mr. Golden as the class representative are hereby adopted and incorporated by reference.

## VIII.    CONCLUSION

**The premises considered, and the Court being duly advised, IT IS ORDERED THAT** Plaintiff's Motion [ECF 122] for Certification of Settlement Class; Final Approval of Class Action Settlement; Payment of Class Counsel's and Liaison Counsel's Fees and Costs; and, Payment of a Service Award to the Class Representative is **GRANTED.** The Court, having carefully reviewed the record in the case and the evidence submitted by Plaintiff and Class Counsel, and after holding a hearing on September 8, 2023, and a subsequent hearing on July 8, 2024, to determine whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class, orders as follows:

1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2.    The Settlement was entered into in good faith following arm's-length negotiations by experienced counsel with the supervision of a respected mediator and is non-collusive.

3.    The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure, and therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued

litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

    4.     This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief. All Settlement Class Members who have not opted-out are bound by the Settlement and this Final Approval Order and Judgment. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

    5.     The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

    6.     The Parties shall effectuate the Settlement in accordance with its terms.

    7.     The Court grants Final Approval to the appointment of Plaintiff Arnold Golden as the Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

    8.     The Court re-affirms the appointment, pursuant to Rule 23(g), of Michael R. Reese of Reese LLP and Jeffrey Kaliel of KalielGold PLLC as Class Counsel.

    9.     As previously ordered, Class Counsel and Liaison Counsel are entitled to payment of attorneys' fees and costs under Federal Rules of Civil Procedure Rule 23(h) in the amount of $551,000 in fees and $10,951.77 in expenses, which is fair and reasonable in light of the result obtained, the time and labor devoted to the case by Class Counsel, the skill, experience, reputation and ability of Class Counsel, the contingent nature of the fee requested, the hours spent and hourly rate of Class Counsel, the costs incurred by Class Counsel and Liaison Counsel, a consideration of comparable settlements in other bank fee class actions, and the overwhelmingly favorable

reaction of the Settlement Class. These attorneys' fees and costs already were paid from the Settlement Fund in accordance with the Settlement.

10.  As previously ordered, this Court granted Class Counsel's request for a Service Award of $10,000 to Arnold Golden for his service as the Class Representative. The Court found that this payment was justified by Plaintiff's service to the Settlement Class. This Service Award already was paid from the Settlement Fund in accordance with the Settlement.

## **RELEASE OF CLAIMS**

11.  The Court holds, orders, and adjudges that, in exchange for the promises and benefits conferred upon them by the Settlement, the Releasing Parties (i.e., Class Representative and each Settlement Class Member, and any Person claiming by or through the Class Representative and each Settlement Class Member, including their respective past, present and future heirs, parents, affiliates, divisions, departments, trustees, shareholders, officers, directors, employees, administrators, managers, children, spouses, beneficiaries, predecessors, successors, conservators, executors, estates, administrators, assigns, assignees, attorneys, agents, consultants, and any other representatives of any of these Persons and entities or Persons purporting to act for them or on their behalf) have fully and finally released and discharged the Released Parties (i.e., BPPR and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, coventurers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each Person or entity acting or purporting to act for them or on their behalf) of and from Released Claims (i.e., any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and

description whether arising under federal, state, common or foreign law, that a Releasing Party has or may have asserted in the Action, or that could have asserted or could assert, including claims that are actual, assigned, known or Unknown Claims, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or unaccrued, latent or patent, contingent or non contingent, liquidated or un-liquidated, at law or in equity, matured or unmatured, apparent or unapparent, arising out of or relating in any way to the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Action or with regards to the Class Fees, in all cases including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses).

12. The Settlement Agreement and the Release described in paragraph 11, above, are binding on all Settlement Class Members and all Releasing Parties. That Release is included in this final judgment so that all released claims and rights are barred by res judicata, collateral estoppel, and claim and issue preclusion.

13. The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party.

14. The Court's Order granting the joint motion to hold the payment of settlement benefits in abeyance [ECF 133] is VACATED. For the purposes of the deadlines contained in § 6.7.2 of the Settlement Agreement regarding the payment of settlement benefits, the Effective Date shall be counted from the date of entry of this Amended Memorandum Opinion and Order.

15. The Court retains exclusive jurisdiction over this Settlement Agreement, including the administration and consummation of the Settlement.

16. As to the Released Parties, this Action is dismissed with prejudice and, except for as provided herein, without award of costs.

**DATED:** July 9, 2024                              S\ _____
                                                     **RUTH MILLER**
                                                     United States Magistrate Judge